# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

RICHARD KASAINE, ET AL.                    CIV. ACTION NO. 3:23-00914

VERSUS                                     JUDGE DAVID C. JOSEPH

SAMUEL OPOKU, ET AL.                       MAG. JUDGE KAYLA D. MCCLUSKY

## <u>MEMORANDUM ORDER</u>

Before the undersigned magistrate judge, on reference from the District Court, is a motion to quash third-party subpoenas [doc. # 77] filed by Plaintiffs Richard Kasaine ("Kasaine") and Nzilani Mutanga (collectively, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 45(d)(3).   The motion is opposed.   For reasons assigned below, IT IS ORDERED that the motion is GRANTED IN PART and DENIED IN PART.[1]

## <u>Background</u>

On September 8, 2025, Defendants Samuel Opoku and Western Express, Inc. ("Defendants") issued two subpoenas duces tecum, one each to third-party respondents, Epic Pain & Orthopedics ("Epic") and RF3 Finance, L.L.C. ("RF3") (collectively, "Respondents"), which were delivered to them on September 12, 2025, in Plano and Dallas, Texas, respectively. (Subpoenas; M/Quash, Exhs. A & B [doc. #s 77-1 and 77-2]).   In addition to certified copies of all medical records, reports, and notes pertaining to Richard Saaman Kasiane, the subpoenas

---

[1]   As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.   Any appeal/objection must be made to the district judge in accordance with Rule 72(a).

require Epic and RF3 to produce "any and all e-mails, correspondence, writings, contracts, letters of representation, letters of guarantee, assignment of rights, revocation of assignment of rights, affidavits, financing agreements, billing agreements, payment agreements, executed between Richard Saaman Kasaine and/or his attorneys . . ." and RF3 and Epic.   *See* Subpoenas; M/Quash, Exhs. A and B.   The subpoenas commanded RF3 and Epic to produce the specified documents by 10:00 a.m., on October 17, 2025, at defense counsel's Lafayette, Louisiana office. *Id*.

On September 26, 2025, Plaintiffs filed the instant objection and motion to quash the subpoenas issued to Epic and RF3 on the grounds that the "sweeping language expressly demands Plaintiffs' counsel's communications with RF3 and Epic," which are protected by attorney-client privilege and/or the work product doctrine.   (Pls. M/Quash, pg. 2).   Plaintiffs further argue that, insofar as the subpoenas seek routine business records such as Kasaine's medical records, those materials already have been produced.   *Id*., pg. 3.   Finally, Plaintiffs maintain that the demand for all emails, correspondence, and writings between Respondents and Plaintiffs' counsel has no bearing on any claim or defense in this case.   *Id*.   Consequently, Plaintiffs seek to quash the subpoenas "to the extent they seek documents beyond those that have already been or will be produced in this litigation as part of Richard Kasaine's medical records and corresponding bills."   *Id*.

On October 6, 2025, Defendants filed their opposition to Plaintiffs' motion, asserting that the subpoenas do not seek disclosure or production of any information protected by attorney-client communications or counsel's work product.   (Defs. Opp. Memo. [doc. # 79]).

2

Defendants emphasize that the requested information is relevant to their argument that Kasaine does not have a viable claim for past and future medical expenses, which he irrevocably assigned to Epic.  *Id*.  Further, after Defendants raised the issue via summary judgment, Plaintiffs purportedly attempted to revoke and rescind the irrevocable assignment.  *Id*.  Moreover, Plaintiffs forwarded to Defendants a purported billing statement from RF3 to Kasaine that was not accompanied with, or supported by a medical bill from any healthcare provider.  (Aug. 20, 2025 RF3 Statement; Defs. Opp. Memo., Exh. 1 [doc. # 79-1]).

Defendants conclude that, if Plaintiffs believe that any particular writing or document sought by the subpoenas fall within the protections afforded by the attorney-client privilege or the work product doctrine, then those items should be listed on a privilege log and provided to the Court for in camera inspection.  *Id*.

<u>**Analysis**</u>

**I.      Governing Rules**

An attorney may issue a subpoena to command, *inter alia*, "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . ."  FED. R. CIV. P. 45(c)(2)(A).[2]   A person commanded to produce documents may serve on the party or attorney who issued the subpoena a written objection to the production of the materials in the form requested.   FED. R. CIV. P. 45(d)(2)(B).

---

[2] Neither Plaintiffs, nor Respondents, have challenged the subpoenas on the basis that they appear to seek production well beyond a 100-mile radius from Dallas/Plano, Texas where Respondents reside or work.

Further, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii)-(iv). Moreover,

> [a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
>> **(i)**    expressly make the claim; and
>>
>> **(ii)**    describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

FED. R. CIV. P. 45(e)(2)(A)(i)-(ii).

Although governed initially by Rule 45, non-party subpoenas also are subject to the parameters of Rule 26. *Hicks v. State Farm Fire & Cas. Ins. Co.*, Civ. Action No. 23-0242, 2025 WL 781090, at *3 (N.D. Miss. Mar. 11, 2025) (citing *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 499–502 (E.D. La. 2023)). Under Rule 26(b),

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

## II.    Discussion

At the outset, the Court observes that, because the Plaintiffs are not the "person[s]" to whom the subpoenas duces tecum were issued, they are not authorized to file a written

4

"objection" to the production of the materials.    *See* Fed. R. Civ. P. 45(d)(2)(B).    Accordingly, their "objection" to the subpoenas is overruled.

Furthermore, Plaintiffs have but limited standing to quash subpoenas served on non-parties pursuant to Rule 45.    *Ellis v. Specialty Orthopedic Grp. of Mississippi, PLLC*, Civ. Action No. 23-0060, 2025 WL 2004686, at *1 (N.D. Miss. July 17, 2025) (citation omitted). "Ordinarily, a party does not have standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege regarding the documents."    *Id*. (citation omitted).    Therefore, a party may not challenge a subpoena directed to a third party on the grounds that the information sought is irrelevant or imposes an undue burden.    *Campbell v. GECOS G.M.B.H.*, Civ. Action No. 12-1251, 2012 WL 4483528, at *1 (W.D. La. Sept. 26, 2012).    However, a party *does* have "standing to challenge a subpoena issued to a non-party if the subpoena seeks confidential or protected information sensitive to the movant."    *Ellis*, 2025 WL 2004686, at *1 (citations omitted).

In this case, Plaintiffs do not have standing to challenge the subpoenas on relevancy or undue burden grounds.    Even if they did, the disputed discovery plainly is relevant, not only to Plaintiffs' ability to recover medical damages, but also to establish the potential interest and bias of Kasaine's healthcare providers.    As to the alleged burden stemming from the cumulative nature of the discovery requests, Plaintiffs have not established that the scope of the production is unduly burdensome or disproportionate to the needs of the case.    *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (party resisting discovery must show how each request is overly broad, burdensome, or oppressive) (citation omitted). Accordingly, the Court rejects Plaintiffs' relevancy and unduly burdensome arguments.

Plaintiffs' principal argument that the requested discovery is protected by attorney-client privilege or the work product doctrine fares somewhat better.   As the parties invoking privilege or work product, Plaintiffs are obliged to expressly make the claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."   FED. R. CIV. P. 26(b)(5)(A)(i)-(ii); *see also* FED. R. CIV. P. 45(e)(2)(A)(i)-(ii).   A party claiming privilege must establish preliminary facts to show that the matter is eligible for protection.   *In Re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 n.7 (5th Cir. 2001) (citation omitted).   A "blanket" assertion of privilege does not suffice.   *In re Shell Oil Refinery*, 812 F. Supp. 658, 661 (E.D. La. 1993).

Here, there is no indication that Plaintiffs have produced a privilege log; thus, they have not established that the requested documents are eligible for protection.   Of course, Plaintiffs likely did not prepare a log because the documents are in Respondents' possession.   To circumvent this conundrum, the Court will modify the subpoenas to require initial production to the Court, as explained in greater detail below.   *See Hicks*, 2025 WL 781090, at *5 (employing similar procedure).

<u>Conclusion</u>

For the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to quash [doc. # 77] is DENIED.   However,

IT IS FURTHER ORDERED that the subpoenas issued to Epic Pain & Orthopedics and RF3 Finance, L.L.C. are MODIFIED to require the Respondents to produce the requested documents by **October 24, 2025**, to the Court, either, physically, by U.S. Mail or courier to 201

6

Jackson Street, Suite 215 Monroe, Louisiana 71201 or, alternatively, electronically, by email, to

Mcclusky_motions@lawd.uscourts.gov.    Thereafter, the Court will make the documents

available to Plaintiffs, who shall have until **November 3, 2025**, to produce a privilege log

identifying any privileged[3] or work product protected documents.[4]   The balance of the

documents produced in response to the subpoena then will be made available to Defendants,

together with the privilege log.   Thereafter, by **November 12, 2025** (after holding a Rule 37

conference), Defendants may challenge any claimed privilege/work product protection(s) via an

appropriate motion to compel.

     IT IS FURTHER ORDERED that Defendants shall serve a copy of this order on

Respondents.

     In Chambers, at Monroe, Louisiana, on this 15th day of October, 2025.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

---

[3] Unless Respondents also happen to be clients of Plaintiffs' counsel, the Court does not readily envision that any documents will be subject to the attorney-client privilege, which protects confidential communications "by a client to his attorney for the purpose of obtaining legal advice."   *King v. University Healthcare System, L.C.* 645 F.3d 713, 720 (5th Cir. 2011).

[4]   At minimum, a privilege log should include for each withheld document:   the date of the document, the names of its author and recipient, the names of all people given or forwarded copies of the document, the subject matter of the document, and the specific privilege or immunity from discovery claimed.   *See Penemue, LLC v. Stevens*, Civ. Action No. 22-5093, 2025 WL 1591405, at *3 (E.D. La. June 5, 2025) (citations omitted).